UNION NAT. BANK OF CHICAGO, ILLINOIS, *v.* CARR and others.

*(Circuit Court, S. D. Iowa, U. D.   1883.)*

OPTION CONTRACTS—VALIDITY OF.
> Option contracts are not necessarily illegal, and the incident of putting up margins amounts to nothing unless the contract itself is illegal. The validity of such contracts depends upon the mutual intention of the parties as to the actual sale and delivery of the property, or a pretended and fictitious sale, to be settled upon differences.

On Exceptions to Master's Report.
*Lehmann & Park,* for complainants.
*E. J. Goode,* for defendants.

LOVE, J. There seems to be no serious question made in this case, except that of the legality of the contracts, which lie at the basis of the controversy. It is insisted that the contracts in question were illegal because they were "option" contracts, and because the defendant was charged with certain losses, by reason of his failure to put up "margins," etc. The evidence, however, falls far short of what is necessary to establish illegality in contracts of this kind. All "option" contracts are not illegal, and the incident of putting up

margins amounts to nothing, unless the contract itself is illegal. The validity of "option" contracts depends upon the mutual intentions of the parties. If it be not their intention in making the contract that any property shall be delivered or paid for, but that the pretended and fictitious sale shall be settled upon differences, the agreement amounts to a mere gambling upon the fluctuations of prices, and the contract is utterly void. But if it is the *bona fide* intention of the seller to deliver *or* the buyer to pay, and the option consists merely in the time of delivery within a given time, the contract is valid.

If the contract itself is lawful, the putting up of margins to cover losses which may accrue from the fluctuation of prices, and the final settlement of the transaction according to the usages and rules of the board of trade, are entirely legitimate and proper.

Nothing whatever appears in the present case to impeach the validity of the transactions in question, except that the defendant was dealing in options through his broker on the board of trade; that he failed to put up required margins; and that his transactions were settled at heavy losses, which were charged to him. This is entirely insufficient to invalidate the charges made in the account against him.

The exceptions to the master's report will be overruled and a decree entered for the complainant.

There is, at least, serious doubt whether a decree can be entered till the next term. Let the cause, therefore, stand over till that time.